The **MERCHANTS NATIONAL BANK OF MOBILE, a national banking association, Plaintiff-Appellee,**

v.

Bernie B. **BIERMAN,** Defendant-Appellant.

No. 80-7407
Summary Calendar.

United States Court of Appeals, Fifth Circuit.
Unit B

Jan. 15, 1981.

Charles G. Black, Memphis, Tenn., for defendant-appellant.

Richard T. Dorman, Andrew L. Smith, Mobile, Ala., for plaintiff-appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

In February 1978, Merchants National Bank of Mobile (Merchants) loaned defendant Bierman $76,610.78 to prepay annual insurance premiums. The parties simultaneously executed a promissory note evidencing the loan and a premium financing contract. Pursuant to the contract, Bierman was to repay the loan in ten equal monthly installments of $8,075.54. Bierman paid the first two installments, but made no further payments after the insurance policies were cancelled by the insurers.

Merchants brought suit to recover the amount remaining due on the note. At trial, the district court held as a matter of law that the contract was not ambiguous, that it did not create a condition precedent or subsequent to Bierman's performance thereunder, and that it imposed no duty on the bank which would support an action by Bierman for breach of contract. On the basis of this ruling, the parties stipulated to the amount still due on the note and judgment was entered in favor of Merchants for that amount. Having carefully reviewed the contract in question, we affirm.

As an affirmative defense and counterclaim, Bierman alleges that the premium contract requires the bank to collect and receive for his account all unearned premiums, dividends and losses payable under the insurance policies. He claims that since the bank has not done this, his own failure to make payments on the loan is excused and the bank in fact is liable to him for breach of contract. In support of his argument,

Bierman relies on two clauses in the contract, which provide in part:

3. The Bank is hereby constituted and appointed the irrevocable attorney in fact of the assured to cancel and/or terminate and give notice of cancellation and/or termination of said policies and to collect and receive in its own name all unearned and return premiums and dividends thereon and losses payable thereunder, if any . . . .

4. In the event that default be made in payment to the Bank of any installment hereof . . . or should any policy held hereunder be cancelled either by the insured or the insurance company, the full amount then owing hereunder shall, at the option of the Bank, become due and payable without notice and, in any such event the Bank *shall and is hereby given the right* to cancel and/or terminate said policies and collect and receive all return or unearned premiums and dividends thereon and the proceeds of any loss thereunder, retain the amount owing hereunder and remit any surplus to the assured. (emphasis added).

Bierman's construction, which relies almost entirely on the words "shall and is hereby given the right," is untenable as a matter of law. While the bank is given the power under certain circumstances to terminate the insurance policies and to collect and apply to Bierman's account amounts due thereunder, the contract does not affirmatively obligate it to do so. A fair reading of the entire contract shows that its purpose is merely to create a security interest in favor of the bank in the policies. The contract expressly provides that the assured "assigns to said Bank as security for the payment of said Total Balance all unearned or return premiums and dividends at any time payable on said policies, and as like security assigns to said Bank said policies and all losses payable thereunder, if any."

Nothing in the contract suggests that Bierman's duty to repay the loan is conditional on the bank's taking steps to collect sums due under the policies. To the contrary, the contract uses affirmative, unconditional language regarding Bierman's duty to make payments. It also specifically provides that "[t]he Bank's right to cancel and/or terminate said policies and recover unearned and return premiums and dividends thereon, or its right to payment out of the proceeds of a loss, shall not impair or affect any other right or remedy given it by law." Thus, the contract clearly contemplates that Merchants retains the right to sue on the promissory note.

Bierman argues that at best the contract is ambiguous. Under Alabama law, it is for the court to determine whether the contract is ambiguous, and if not ambiguous, to glean the intent of the parties by construing the language of the document as a whole. *See C. F. Halstead Contractor, Inc. v. Dirt, Inc.*, 294 Ala. 644, 320 So.2d 657, 661 (1975); *Scherf v. Renfroe*, 266 Ala. 35, 93 So.2d 402, 406 (1957). The court correctly determined that the contract was not ambiguous.

AFFIRMED.